PERRY CLOSSON v. T. F. OAKES and Others.[1]

June 21, 1897.

Nos. 10,622—(170).

**Freight Car—Injury to Employee—Negligence—Question for Jury.**

The fastenings of the side door of an ordinary box car were defective
and out of repair, and, by reason thereof, the door came off the car at
one corner, fell down, and hung by the other corner, when plaintiff, an
employee, attempted to push it open, and, by reason thereof, he fell out
of the car, which was upon a high trestle, and was injured. *Held,* on the
evidence, it was a question for the jury whether defendants were guilty
of negligence in failing to inspect the car and discover, the defect before
the injury. His contributory negligence was also for the jury, and the
court erred in dismissing the action.

Action in the district court for Ramsey county against defendants
as receivers of the Northern Pacific Railway Company for personal
injuries sustained by plaintiff while in their employ. At the trial
the court dismissed the action when plaintiff rested. From an
order, Egan, J., denying his motion for a new trial, he appealed.
Reversed.

*McDonald & Barnard,* for appellant.

*C. W. Bunn* and *L. T. Chamberlain,* for respondents.

CANTY, J.

Plaintiff was employed by the defendant receivers in shoveling
coal out of freight cars which stood on an elevated trestle at the
coaling station for their engines. He was one of a night crew. On
the night in question, what appears to be an ordinary box or freight
car stood upon this trestle. It was loaded with coal, but the con-
tents had been partly shoveled out by the day crew during the day
previous. The door on the side at which the coal was shoveled
out was open. The door at the other side was open about a foot.
Plaintiff went into this car for the purpose of shoveling the bal-
ance of the coal out of it, and was ordered by the foreman to open
the door on the opposite side—the door that was partly open. It

1 Reported in 71 N. W. 915.

was a sliding door.   Plaintiff tried to push it open, but it stuck fast.   He then braced himself with his back against the jamb of the door, and his hand and foot against the edge of the door, and pushed with considerable effort.   The door suddenly flew out at the bottom, came off its fastenings at one corner at the top, dropped down, and hung by the other corner at the top.   Plaintiff fell out, and was precipitated to the ground below, about 12 feet below the rails on the trestle on which the car stood, and was injured.

The door was suspended by two iron hooks at the top, which were bolted to the door, and which hung on a horizontal bar bolted to the car over the top of the door.   When the door was being opened or closed, the hooks slid along on the bar.   The door was held in against the car at the bottom by two cast-iron projections bolted to the car, and which projected outward under the door, and then upward outside of it.   After plaintiff was injured, it was discovered that the one of these projections furthest from the open side of the door had become loose, and was turned over, so that it projected down.   The door had already been opened past the other projection when plaintiff undertook to open it further.   When these projections were properly secured in place, the hooks could not come off the bar at the top.   But the door having been pushed open past one projection, and the other being turned down, the door could be swung out at the bottom, and then raised up so as to lift the hooks off the bar at the top.   In this manner the hook next the open side of the door was raised off the bar.   When plaintiff attempted to push the door open, that side of the door dropped down, and the door hung by the other hook; so that, as the witnesses expressed it, the door hung corner-wise or diamond-shaped after plaintiff was injured.   On the trial, the court dismissed the action at the close of plaintiff's testimony, and from an order denying a new trial plaintiff appeals.

We are of the opinion that the order appealed from should be reversed.   The evidence tends to prove that the door was in a defective condition, and was dangerous.   That the particular accident which occurred from such defect could not have been anticipated does not excuse the defendants.   There are many ways in which personal injury may occur from running, handling, loading, and un-

loading a car having a defective door, which is liable to come off unexpectedly.

There is no direct evidence to show that the car door was in this defective condition any length of time before the injury, or that before such injury defendants had notice of such defect. However, the testimony tends to prove that this car had been at this station for two days prior to the injury, and it was usual to inspect the cars when they came into the yards at this station; also, that the day crew had been at work in the car, and had partly opened this door, as before stated. In our opinion, the evidence would warrant the jury in finding that the door was in this defective condition before plaintiff attempted to push it open, and was in such condition such a length of time before that the defendants should have discovered the defect if they were using reasonable care and diligence in inspecting their cars. It was the duty of defendants to use such care and diligence. Moon v. Northern, 46 Minn. 106, 48 N. W. 679.

The question of plaintiff's contributory negligence was also for the jury.

For these reasons, the order appealed from should be reversed, and a new trial granted.

So ordered.